UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 10-10053 |
| WEST FELICIANA ACQUISITION, L.L.C., | CHAPTER 11 |
| DEBTOR-IN-POSSESSION | JUDGE DOUGLAS D. DODD |
| WEST FELICIANA ACQUSITION, L.L.C., | ADV. PROC. _____ |
| PLAINTIFF | |
| VERSUS | |
| ENBRIDGE MARKETING (USA), L.P., | |
| DEFENDANT | |

**COMPLAINT FOR INJUNCTIVE RELIEF**

**NOW INTO COURT**, through undersigned counsel, comes West Feliciana Acquisition, L.L.C. ("*WFA*"), as debtor-in-possession in bankruptcy case 10-10053, who files this Complaint for Injunctive Relief pursuant to 11 U.S.C. §§ 105(a) and 366, and FED. R. BANKR. PROC. 7065. In support, WFA represents:

1.

This Court has jurisdiction over this matter and the parties pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.

Made defendant herein is Enbridge Marketing (USA), L.P. ("*Enbridge*"), who is Texas partnership domiciled in Houston, Texas.

1

3.

WFA filed a petition for relief under chapter 11 of title 11 of the United States Code on January 17, 2010 (the "***Petition Date***").

4.

An official committee of unsecured creditors has yet to be appointed in this Chapter 11 case.

5.

Further, no trustee or examiner has been requested or appointed in this Chapter 11 case.

6.

WFA continues to manage and operate its business as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

7.

WFA seeks the entry of a judgment pursuant to 11 U.S.C. §§ 105(a) and 366 enjoining Enbridge from altering, refusing, or discontinuing services to, or discriminating against, WFA solely on the basis of the commencement of WFA's Chapter 11 case or a debt that is owed by WFA for services rendered before the Petition Date.

8.

Enbridge and WFA are parties to that certain *Natural Gas Sales Contract* dated November 24, 2009, which states that Enbridge will provide WFA with 100% of WFA's natural gas requirements.

9.

Natural gas is critical to the running of the paper mill. WFA has received natural gas from Enbridge post-petition. WFA, contemporaneously herewith, has filed a motion for approve

post-petition financing, funds from which will be used to pay gas charges for natural gas services provided for by Enbridge post-petition.

10.

Without the utility service provided by Enbridge, WFA and the estate will suffer immediate and irreparable harm.

11.

Without natural gas, the paper mill CANNOT operate. Natural gas is necessary for an environmentally SAFE shut down.

12.

WFA is a limited liability company organized under the laws of the State of Delaware.

13.

On April 15, 2009, WFA acquired 100% of the interests in a paper mill (the "*Mill*") located at 2105 Hwy 964, St. Francisville, Louisiana.

14.

WFA was and remains the owner of the Mill.

15.

At the time of WFA's acquisition of the Mill, the Mill was in cold shut down mode, meaning that the Mill's digesters, pulper, and lines had been purged, the paper machines were not running and power was not being delivered to the Mill.

16.

In bankruptcy case 10-10053, WFA requested entry of an order pursuant to 11 U.S.C. § 366 so that WFA may continued to operate the Mill.

17.

The Mill consists of an integrated network of sophisticated machinery, which require continued maintenance and operation.

18.

Absent the continuation of utility services provided by Enbridge, WFA and the estate will suffer immediate, serious, and irreparable injury because WFA will be forced to commence an immediate shutdown.

19.

Natural gas is an intergral component of the Mill's operation. Without a steady supply of natural gas, the value of WFA's assets (*e.g.*, the digesters and pulpers) will diminish as WFA will be unable to preserve their value through continued operation.

20.

Uninterrupted utility service is critical to the WFA's ability to operate and maintain the value of its business and to maximize value for the benefit of the creditors.

21.

WFA could not operate its business without natural gas.

22.

Should Enbridge refuse or discontinue service, WFA would be forced to cease or limit operations.

23.

Such an interruption would substantially disrupt operations and result in loss of revenues, which could irreparably harm and jeopardize the reorganization efforts or other objectives of WFA.

24.

Enbridge is a "utility service" for the purposes of 11 U.S.C. § 366.

25.

While Enbridge may not be a "monopoly," it occupies a monopolistic-like position vis-à-vis the estate because it would be incredibly burdensome and expensive for WFA to obtain a supply of natural gas from another supplier.

26.

Pursuant to 11 U.S.C. § 366(c)(2), a utility may alter, refuse or discontinue a Chapter 11 debtor's utility service if the utility does not receive from the debtor or the trustee adequate "assurance of payment" within thirty (30) days after the commencement of the debtor's Chapter 11 case.

27.

The policy underlying § 366 of the Bankruptcy Code is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate "assurance of payment" for post-petition utility service.

28.

Enbridge may not unilaterally alter, refuse, or discontinue service for the first thirty (30) days after the Petition Date (*i.e.*, until Wednesday, February 17, 2010).

29.

However, Enbridge has informed WFA that it intends to discontinue supplying natural gas to WFA before the expiration of the 30-day period under 11 U.S.C. § 366(c)(2).[1]

---

[1] *See*, correspondence from Enbridge, attached hereto as Exhibit "A," and incorporated herein as if copied *in extenso*.

30.

Discontinuance of WFA's supply of natural gas before the expiration of the 30-day period will cause WFA to suffer irreparable harm and constitutes a violation of the automatic stay under 11 U.S.C. § 362(a).

31.

Counsel for WFA has been previously served Enbridge by facsimile with a copy the Emergency Motion to Enforce Rights Under 11 U.S.C. § 366.

32.

Further, Enbridge has been previously served by facsimile with a copy of this Court's order setting the hearing on the Emergency Motion to Enforce Rights Under 11 U.S.C. § 366 for Friday, January 22, 2010 at 10:00 a.m.

**WHEREFORE**, WFA requests that, pursuant to 11 U.S.C. §§ 105(a) and 366, Enbridge be enjoined Enbridge from altering, refusing, or discontinuing service for the first thirty (30) days after the Petition Date, and for such other relief as this court may deem appropriate.

Signatures on following page.

January 22, 2010.   By: **/s/ Louis M. Phillips**
  Louis M. Phillips (La. Bar No. 10505)
  Peter A. Kopfinger (La. Bar No. 20904)
  Ryan J. Richmond (La. Bar No. 30688)

  **GORDON, ARATA, MCCOLLAM,**
  **DUPLANTIS & EAGAN, L.L.P.**
  One American Place
  301 Main Street, Suite 1600
  Baton Rouge, LA 70801-1916
  Telephone: (225) 381-9643
  Facsimile: (225) 336-9763
  Email: lphillips@gordonarata.com
  Email: pkopfinger@gordonarata.com
  Email: rrichmond@gordonarata.com

  *Proposed attorneys for the debtor-in-possession,*
  *West Feliciana Acquisition, L.L.C.*

Please Issue Summons:

ENBRIDGE MARKETING (U.S.) L.P.
THROUGH ITS REGISTERED AGENT
C T CORPORATION SYSTEM
5615 CORPORATE BLVD., STE. 400B
BATON ROUGE, LA 70808

# VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

BEFORE ME, the undersigned Notary Public, personally came and appeared on this 22d day of January 20101,

**F. ALLEN BYRD**,

authorized representative of West Feliciana Acquisition, L.L.C., the debtor-in-possession in bankruptcy case 10-10053, who declared that he has read the same and that all the allegations contained therein are true and correct to be best of his knowledge, information and belief.

January 22, 2010,

**/s/ F. Allen Byrd**
F. Allan Byrd, CEO
On behaf of West Feliciana Acquisition, L.L.C.


**/s/ Ryan J. Richmond**
Ryan J. Richmond
NOTARY PUBLIC
La. Bar No. 30688
