## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF LOUISIANA

In re:

West Feliciana Acquisition, L.L.C.,

       Debtor.

Case No. 10-10053

Chapter 11

**ORDER AUTHORIZING AND APPROVING (I) BIDDING AND SALE PROCEDURES, (II) NOTICE PROCEDURES, AND (III) SETTING A DATE FOR SALE HEARING**

Considering the debtor's Motion, With Supporting Authority, For Orders (I)(A) Authorizing and Approving Bidding and Sale Procedures (B) Authorizing and Approving Notice Procedures and Setting a Hearing Date For Sale Hearing, (II) Authorizing the In Globo Sale Free and Clear of All Liens, Claims and Interests and (III) For Related Relief [P-138], the Limited Opposition of the Official Committee of Unsecured Creditors to the Motion [P-147], the argument of counsel, applicable law and for reasons orally assigned at an expedited hearing held February 26, 2010,

**IT IS ORDERED** that**:**

1.    The Bidding and Sale Procedures attached to this order as Exhibit 1 are **APPROVED**.

2.    The Notice Procedures attached to this order as Exhibit 2 and Exhibit 3 are **APPROVED**.

3.    As soon as reasonably practicable after entry of this Order, West Feliciana Acquisition, LLC ("WFA") or its agent shall serve the Notice attached to this order as Exhibit 2, by first-class mail, postage prepaid, on (i) the U.S. Trustee of the Middle District of Louisiana, 400 Poydras Street, Suite 2110, New Orleans, LA 70130-3238; (ii) counsel for Louisiana

Economic Development: Daryl Manning & Leu Anne Lester Greco, Louisiana Economic Development, 1051 N. Third Street, Baton Rouge, LA 70802-5239; (iii) counsel for Amzak Management Capital, LLC: Barbra Parlin, Holland & Knight, LLP, 31 West 52nd Street, New York, New York 10019; (iv) counsel for Tembec Industries, Inc. and Tembec USA, LLC: Douglas S. Draper, Heller, Draper, Hayden, Patrick & Horn, L.L.C., 650 Poydras St., Suite 2500, New Orleans, LA 70130; and (v) counsel to Fluor Enterprises, Inc.: Joseph B. C. Kluttz, K&L Gates LLP, Hearst Tower, 47th Floor, 214 North Tryon Street, Charlotte, NC 28202 ((ii) – (v) above collectively are referred to as the "***Major Secured Creditors***"); (vi) counsel for the Official Creditors' Committee: Omer Frederick Kuebel III, Locke Lord Bissell & Liddell, 601 Poydras St., Suite 2660, New Orleans, LA 70130; (vii) Parties requesting notice; (viii) WFA's equity owners; and (ix) WFA also shall publish notice substantially in the form attached to this order as Exhibit 3 within five (5) business days of entry of this order or as soon as practicable thereafter.

5.      The Sale Hearing will be held April 9, 2010 at 11:00 a.m. (CST) before the Honorable Douglas D. Dodd, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Middle District of Louisiana, 707 Florida Street, Room 222, Baton Rouge, LA 70801.

6.      All objections to the relief sought at the Sale Hearing shall be served in accordance with the Local Bankruptcy Rules for the Middle District of Louisiana and must be filed and served no later than 3:00 p.m. on April 8, 2010.

8.      WFA shall file a Notice of Lead Bidder and Secondary Bidder, along with a signed Purchase Agreement executed by the Lead Bidder and Secondary Bidder, no later than April 7, 2010 at 5:00 p.m. (CST). WFA shall serve the Notice of Lead Bidder and Secondary

Bidder on (i) the U.S. Trustee, (ii) counsel to the Official Creditors' Committee, and (iii) counsel to the Major Secured Creditors.

9.     The court reserves the right to allocate the purchase price for Assets following the closing of the sale of the Assets.

10.     This Order is effective immediately upon entry.

Baton Rouge, Louisiana, March 5, 2010.

**<u>s/ Douglas D. Dodd</u>**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

# Bidding and Sale Procedures

Set forth below are the Bidding and Sale Procedures (defined below) to be employed with respect to the proposed *in globo* sale of substantially all of the Assets (as defined below) of West Feliciana Acquisition, LLC ("***WFA***") as set forth in the Motion, With Supporting Authority, For Orders (I)(A) Authorizing and Approving Bidding and Sale Procedures (B) Authorizing and Approving Notice Procedures and Setting a Hearing Date or Sale Hearing, (II) Authorizing the *In Globo* Sale Free and Clear of All Liens, Claims and Interests and (III) For Related Relief (the "***Motion***"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

WFA is the debtor and debtor-in-possession in a Chapter 11 bankruptcy case captioned *In re: West Feliciana Acquisition, LLC*, bearing Case No. 10-10053 (the "***Bankruptcy Case***") and pending on the docket of the United States Bankruptcy Court for the Middle District of Louisiana (the "***Bankruptcy Court***"). WFA has determined, in its business judgment, that a sale of the Assets pursuant to the competitive sale process as set forth herein is in the best interests of its estate.

WFA has determined that: (i) the potential sale of the Assets contemplated by the Motion should be subject to a competitive sale process as set forth herein; (ii) the eventual transfer of WFA's rights, title and interests in and to the Assets will be subject to approval by the Bankruptcy Court pursuant to Section 363 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended (the "***Bankruptcy Code***")

The Bidding and Sale Procedures set forth herein describe, among other things, the Assets available for sale, the manner in which prospective bidders may gain access to due diligence materials concerning the Assets, the manner and timing within which bids must be submitted, the evaluation of bids received, a potential auction and a sale hearing to consider the sale of the Assets (the "***Sale Hearing***") (collectively, the "***Bidding and Sale Procedures***"). WFA intends to consult with, among others, the Official Committee of Unsecured Creditors appointed in WFA's bankruptcy case (the "***Creditors' Committee***").

On _____, 2010, the Bankruptcy Court entered an order approving the Bidding and Sale Procedures (the "***Bidding and Sale Procedures Order***") and setting the hearing date for the Sale Hearing for April 9, 2010.

WFA will seek order from the Bankruptcy Court at the Sale Hearing for approval of the sale of the Assets to the Winning Bidder (defined below), free and clear of all liens, claims and interests (the "***Sale Order***").

## Assets to Be Sold

WFA seeks to sell substantially all of its immovable property and buildings and improvements thereon and movable property, including, without limitation, certain executory contracts and unexpired leases relating to the operation of its mill operations, all of which will be included in one or more schedules attached to the Purchase Agreement (defined below) (the "***Assets***").

**"As Is, Where Is," No Warranties Whatsoever**

WFA will sell the Assets on an "as is, where is" basis and without any representations or warranties, express or implied, of any kind, nature, or type given by WFA, its agents or representatives, as will more fully provided in a purchase and sale agreement to be prepared by WFA (the "***Purchase Agreement***").

**WFA Sale Efforts**

WFA, in consultation with its advisors, which may include investment bankers, will:

      (a) determine the most effective manner in which to market the Assets in order to draw from the largest pool of interested persons;

      (b) oversee the printing and distribution of all informational materials and other relevant sales documentation concerning the Assets;

      (c) formulate and coordinate a competitive and decisive sales process;

      (d) prepare, host, manage and staff a data room at a designated location and/or an electronic data room; and

      (e) provide any management presentations WFA deems necessary to assist in due diligence efforts.

**Potential Bidder/Participation Documents**

To participate in due diligence and bidding for the purchase of the Assets, each interested person or entity (a "***Potential Bidder***") must deliver to WFA an executed confidentiality agreement to be prepared by WFA. When received, WFA will promptly transmit the executed confidentiality agreement to the following: (i) counsel to Louisiana Economic Development: Daryl Manning & Leu Anne Lester Greco, Louisiana Economic Development, 1051 N. Third Street, Baton Rouge, LA 70802-5239; (ii) counsel for Amzak Management Capital, LLC ("***Amzak***"): Barbra Parlin, Holland & Knight, LLP, 31 West 52nd Street, New York, New York 10019; (iii) counsel to: Tembec Industries, Inc. and Tembec USA, LLC: Douglas S. Draper, Heller, Draper, Hayden, Patrick & Horn, L.L.C., 650 Poydras St., Suite 2500, New Orleans, LA 70130; and (iv) counsel to Fluor Enterprises, Inc.: Joseph B. C. Kluttz, K&L Gates LLP, Hearst Tower, 47th Floor, 214 North Tryon Street, Charlotte, NC 28202; (v) counsel to the Official Creditors' Committee: Omer Frederick Kuebel III, Locke Lord Bissell & Liddell, 601 Poydras St., Suite 2660, New Orleans, LA 70130 (collectively, the "***Notice Parties***"). Notwithstanding the foregoing, Amzak is not required to execute a confidentiality agreement.

**Due Diligence**

Beginning on March 8, 2010 and until the Bid Deadline (defined below), WFA will afford any Potential Bidder such due diligence access or additional information as may be reasonably

requested by a Potential Bidder that WFA, in its business judgment, determines to be reasonable and appropriate under the circumstances. A Potential Bidder will also be provided with a form of the Purchase Agreement. WFA, in consultation with its advisors, will coordinate diligence efforts such that multiple potential bidders have simultaneous access to due diligence materials and/or simultaneous attendance at any management presentations. Neither WFA nor any of its representatives will be obligated to furnish any information relating to the Assets to any person other than to a Potential Bidder. WFA makes no representation or warranty to a Potential Bidder as to the information to be provided through the due diligence process or otherwise.

Asset Purchase Agreement

All bids for the Assets must be made in accordance with the form of the Asset Purchase Agreement (the "*Purchase Agreement*") attached hereto. WFA will provide an electronic copy of the form of the Purchase Agreement upon request.

**Bid Deadline**

A Potential Bidder who desires to make a bid shall deliver written and electronic copies of its bid to WFA so as to be received no later 5:00 p.m. (CST) on April 2, 2010 (the "*Bid Deadline*"). Electronic delivery information for bids will be provided to the Potential Bidders. When received, WFA will promptly transmit bids to the Notice Parties. WFA, after consultation with the Creditors Committee and with the permission of the DIP Lender, which permission shall not be unreasonable withheld, conditioned or delayed, may extend the Bid Deadline once or successively, but they are not obligated to do so. If WFA extends the Bid Deadline, WFA will promptly notify all Potential Bidders and the Notice Parties of any such extension.

**Bid Requirements/Qualified Bidder**

In order to be considered a Qualified Bidder (defined below) for the purchase of the Assets, a Potential Bidder must deliver to WFA, a written offer, which written offer must provide, at a minimum, all of the following:

(a) The Potential Bidder offers to purchase the Assets from WFA at the purchase price and upon the terms and conditions substantially as set forth in an adopted Purchase Agreement (the "*Sale Transaction*") and submit the executed clean copy, together with a marked copy of the Purchase Agreement showing any proposed changes amendments and modifications to the Purchase Agreement (the "*Marked Agreement*");

(b) The bid is irrevocable until three days following the Closing (defined below);

(c) The bid is not conditioned on, or subject to, (i) the outcome of unperformed due diligence by the Potential Bidder and/or (ii) obtaining financing;

(d) The bid is accompanied by a list of any executory contracts or unexpired leases that are to be assumed and/or assigned under such bid and demonstrate the Potential Bidder's commitment to pay any necessary cure amounts and provide adequate assurance of future

performance under any such executory contract or unexpired leases to be assumed and/or assigned pursuant to such bid.

(e) The bid fully discloses the identity of each entity that will be purchasing the Assets;

(f) A deposit in the form of a wire transfer (to a bank account specified by WFA), certified check or such other form acceptable to WFA, payable to the order of WFA (or such other party as WFA may determine) in an amount equal to $50,000 USD to be dealt with in accordance with the "*Deposit*" paragraph herein;

(g) The bid contains full details of the proposed number of employees of WFA who will be offered employment by the Qualified Bidder and any proposed measures associated with their continued employment;

(h) The bid contains other information reasonably requested by WFA;

(i) The bid contains a contact person with a telephone number and email address for the Qualified Bidder; and

(j) The bid is received by the Bid Deadline.

A Potential Bidder shall accompany with its bid: (i) written evidence of cash or a firm, irrevocable commitment for financing, or other evidence of ability to consummate the proposed transaction, that will allow WFA, in consultation with the Notice Parties, to make a determination as to the Potential Bidder's financial and other capabilities to consummate the transaction contemplated by the Marked Agreement; (ii) a copy of any resolution or similar document demonstrating the authority of the Potential Bidder to make a binding and irrevocable bid on the terms proposed; and (iii) a written acknowledgement and representation that the Potential Bidder:  (aa) has had an opportunity to conduct any and all required due diligence regarding the Assets prior to making its offer; (bb) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its bid; (cc) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Assets or the completeness of any information provided in connection therewith, except as expressly stated in the Marked Agreement; and (dd) is not entitled to any expense reimbursement or break-up fee or any other kind or type of fee or expense, in connection with its bid; (iv) a written acknowledgment that the Potential Bidder submits to the core jurisdiction of the Bankruptcy Court and will waive the right to a jury trial, to the extent such right exists; (v) a written  statement confirming that the representative of the Potential Bidder who will be attending the Auction is, and at the Auction will be, duly authorized to both bid on behalf of the Potential Bidder at Auction; and (vi) a written statement that the Potential Bidder understands that the Assets are being sold as one single transaction and that bids will not be accepted for only a portion of the Assets.

A bid from a Potential Bidder will be considered a "*Qualified Bid*" if (i) it meets all of the above requirements.  WFA reserves the right to reject a Qualified Bid if such bid, in WFA's business

judgment materially deviates from the terms and conditions of the Purchase Agreement.  WFA shall consult with the Notice Parties before any bid is rejected.  Any bid rejected by WFA shall not be a Qualified Bid.  WFA shall notify any Qualified Bidders in writing as to whether or not their bid constitutes an acceptable Qualified Bid promptly following the expiration of the Bid Deadline.

WFA may negotiate with Qualified Bidders to clarify or enhance their bids ("***Bid Negotiation Process***").   The Bid Negotiation Process shall end at 4:00 p.m. CST on April 6, 2010 (the "***Bid Negotiation Deadline***").  Any such clarifications or enhancements shall be promptly provided by WFA to the other Qualified Bidders and to the Notice Parties.

**Credit Bidders**

Any person purporting to hold secured claims against the Assets (a "***Credit Bidder***") may submit credit bids and will be deemed a Qualified Bidder, provided such Credit Bidder complies with all necessary requisites to be deemed a Qualified Bidder.  A Credit Bidder, however, shall not be required to post a Deposit.

To the extent the secured claim of a Credit Bidder, in the judgment of WFA, is contingent, disputed, contested, or otherwise subject to a bona fide dispute, such Credit Bidder, in order to be deemed a Qualified Bidder must, simultaneous with the Credit Bidder's initial credit bid, post: (i) a letter of credit ("***LOC***") or (ii) a bond ("***Bond***"), both subject to acceptance or rejection by WFA in its business judgment.  The LOC or Bond shall be in the amount equal to one hundred percent (100%) of the Credit Bidder's credit bid for the Assets, to cover the selling price for the Assets in the event the Credit Bidder's purported secured claim is later disallowed; provided however, Amzak is not required to post an LOC or Bond in connection with any credit bid it submits whether done alone or as part of a group, unless Amzak is designated as the Winning Bidder.  If any part of Amzak's Winning Bid is comprised of a credit bid based on amounts loaned under and secured by the Pre-Petition Loan Documents (as defined below) and, as of the Closing, a Lawsuit (as defined below) is filed and pending, or a Request for Authority (as defined below) and/or an Amzak Action (as defined below) has been timely filed and remains outstanding or pending, then Amzak shall, at the Closing, post a LOC or Bond in an amount equal to one hundred percent (100%) of the portion of the credit bid amount that is secured by any mortgage, lien or security interest that is the subject of such Lawsuit, Request for Authority and/or Amzak Action.  In this paragraph: (a) the terms "***Request for Authority***" and "***Amzak Action***" have the same meaning as set forth in the Court's February 23, 2010 Final Order Granting Debtor's Motion For Interim and Final Orders (I) Authorizing Debtors to Obtain Postpetition Secured Financing, (II) Granting Priming Liens and Superpriority Claims to Postpetition Lender, (III) Authorizing Use of Cash Collateral and Granting Adequate Protection, (IV) Modifying Automatic Stay, (V) Approving Notice Procedures (the "***Financing Order***") (Docket #137); (b) the term "***Pre-Petition Loan Documents***" has the same meaning ascribed to it in the Amended and Restated Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement effective as of January 22, 2010, by and between WFA and Amzak; and (c) the term "***Lawsuit***" means a action or proceeding not barred by the Financing Order, challenging the validity or priority of any mortgage, lien or security interest that is granted under any one or more of the Pre-Petition Loan Documents.

If the event a Credit Bidder increases its Credit Bid through the Bid Negotiation Process (the "***Credit Bidder's Negotiated Bid***"), then, within two business days following the Bid Negotiation Deadline, the Credit Bidder shall (i) increase the LOC or Bond in an amount commensurate with the difference in amount of the Credit Bidder's Qualified Bid and Credit Bidder's Negotiated Bid and (ii) provide WFA with written confirmation of such increase. The failure of the Credit Bidder to increase the LOC or Bond and to provide written confirmation, as provided in this paragraph, shall result in the disqualification of the Credit Bidder and the Credit Bidder shall not be entitled to purchase the Assets.

In the event a Credit Bidder becomes the Winning Bidder (defined below), and the Winning Bid (defined below) is greater than the amount of the Credit Bidder's Qualified Bid or the Credit Bidder's Negotiated Bid, then, within two business days following the entry of the Sale Order, the Credit Bidder/Winning Bidder shall: (i) increase the amount of the LOC or Bond in an amount commensurate with the difference in amount of the Credit Bidder's Qualified Bid and the Winning Bid or in an amount commensurate with the difference in amount of the Credit Bidder's Negotiated Bid and the Winning Bid, as applicable and (ii) provide WFA with written confirmation of such increase. The failure of the Credit Bidder to increase the LOC or Bond and to provide written notice, as provided in this paragraph, shall result in the disqualification of the Credit Bidder as the Winning Bidder and the Back-Up Bidder (defined below) shall then become the Winning Bidder.

### Selection of Lead Bidder/Secondary Bidder

After completing any Bid Negotiation Process, WFA, in consultation with the Notice Parties, shall designate the highest and best offer based on the bid amount and other factors including, without limitation, terms and conditions set forth in the Marked Agreement, factors affecting the speed and certainty of closure, the claims likely to be created by such bid in relation to others, the number of existing employees of WFA to be offered employment post-closing and any other factor(s) deemed relevant by WFA and the Notice Parties (the "***Bid Determination Procedures***"). The highest and best offer shall be designated as the "***Lead Bidder***." WFA will also identify the second best offer in accordance with the Bid Determination Procedures, which shall be designated as the "***Secondary Bid***" and the Qualified Bidder making such bid, the "***Secondary Bidder***."

WFA shall notify all Qualified Bidders, prior to the Sale Hearing, of the designation of the Lead Bid and the Secondary Bid and the amount and material terms of such bids. WFA shall file a notice of the designation of the Lead Bid and the Secondary Bid with the Court, including a copy of such bids, no later than 5:00 p.m. (CST) on April 7, 2010.

### Sale Hearing/Potential Auction

At the outset of the Sale Hearing, WFA shall identify the Lead Bid and Lead Bidder and the Secondary Bid and the Secondary Bidder. WFA shall offer to the other Qualified Bidders to state on the record whether they wish to enhance their bids to top the Lead Bid (a "***Topping Bid***").

If any other Qualified Bidder, including the Secondary Bidder, expresses an interest in bidding against the Lead Bid by submitting a Topping Bid, then WFA shall conduct a court-supervised auction ("***Auction***"). If no Qualified Bidders express an interest in providing a Topping Bid, no Auction will be conducted.

If the Auction is conducted, it shall be conducted as follows:

(a) Bids may only be made for all of the Assets;

(b) All Qualified Bidders, or their authorized representatives, must be physically present.

(c) Only Qualified Bidders may present bids or overbids at any time during the Auction and only a Qualified Bidder can be a purchaser of the Assets under these Bidding and Sale Procedures;

(d) The Court shall then conduct an open Auction for the Qualified Bidders with respect to the purchase of the Assets, calling for incremental bids from the Qualified Bidders participating in the Auction, with minimum overbid increments being in an amount not less than $50,000 USD with respect to the Assets;

(e) Qualified Bidders shall be permitted to caucus privately among themselves (but not with other Qualified Bidders) at any time, Qualified Bidder's request; provided, however, the Court will impose uniform reasonable time restrictions on such caucuses so that the Auction may continue and be completed in an orderly and timely manner; and

(f) WFA, in consultation with the Notice Parties, may adopt such other rules for the Auction (including rules that may depart from those set forth herein) that it anticipates will result in the highest or otherwise best value for the Assets and that are not inconsistent with any Bankruptcy Court order, provided that any changed or additional rules for the Auction are not materially inconsistent with these Bidding and Sale Procedures and are communicated to all participants at or prior to the Auction.

**Winning Bid/Back-Up Bid**

At the conclusion of any Auction, the highest and best bid for the Assets, as determined by WFA in consultation with the Notice Parties, as consistent with the Bidding Procedures, shall be designated as the "***Winning Bid***" and the second highest and best bid as the "***Back-Up Bid***." If no Auction is conducted, the Lead Bid shall be designated as the Winning Bid and the Secondary Bid shall be designated as the Back-Up Bid. The Qualified Bidder making the Winning Bid is referred to as the "***Winning Bidder***" and the Qualified Bidder making the Back-Up Bid is referred to as the "***Back-Up Bidder***."

The proposed Winning Bidder shall appear at the Sale Hearing and be prepared to testify in support of the Winning Bid and its ability to close in a timely manner and provide adequate assurance of its future performance under any and all contracts and leases to be assumed and/or assigned as part of the Sale Transaction. WFA shall accept a Winning Bid only when (i) the

Bankruptcy Court has approved the Winning Bid and Winning Bidder, and (ii) the Sale Order approving such Winning Bid has been docketed.

The Winning Bidder shall be the Purchaser under the Purchase Agreement.

**Back-Up Bid**

If, for any reason, the Winning Bidder fails to consummate the purchase of the Assets, the Back-Up Bid automatically will be deemed to be the highest and best bid and be treated as the Successful Bid. WFA shall be authorized to effect the sale, assignment and transfer of the applicable Assets to the Back-Up Bidder as soon as is commercially reasonable without further order of the Bankruptcy Court as if such bidder were deemed the Winning Bidder.

**Deposits**

The Deposit posted by the Winning Bidder, except for a Credit Bidder, shall be credited against the purchase price of the Sale Property.

Except as provided herein or in the Bidding and Sale Procedures Order, Deposits shall be returned ten (10) business days after the Bankruptcy Court enters the Sale Order, except for deposits submitted by (i) the Winning Bidder, (ii) the Back-Up Bidder and (iii) any bidder that has forfeited its deposit as set forth below. The Deposit to Back-Up Bidder shall be returned to such Back-Up Bidder within three (3) business days of the consummation of the Sale Transaction with the Winning Bidder.

A Qualified Bidder will forfeit its Deposit if (i) the Qualified Bidder withdraws or modifies (in a manner determined by WFA to be less favorable) its Qualified Bid before the Bankruptcy Court approves the Winning Bid or (ii) the Qualified Bidder is the Winning Bidder and (a) modifies or withdraws Qualified Bid without WFA's consent (in consultation with the Notice Parties) or (b) materially breaches the terms and conditions of its Qualified Bid. Deposits shall be construed as liquidated damages and constitute the sole remedy and recourse against any Qualified Bidder, except for the remedy of specific performance as herein provided and/or (ii) upon a showing that the Qualified Bidder participated in the Auction in bad faith or otherwise violated Section 363 or any other applicable provision of the Bankruptcy Code.

**Reservation of Rights**

WFA reserves the right, after consultation with the Notice Parties, to: (i) determine which bidders are Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal irrespective of whether such proposal constitutes the highest gross price submitted; (iv) reject any bid that is (a) inadequate or insufficient; (b) not submitted in conformity with the requirements of the Bidding and Sale Procedures Order or the requirements of the Bankruptcy Code or Purchase Agreement; (c) contrary to the best interests of WFA and its estate; (v) impose additional terms and conditions with respect to any or all Qualified Bidders that are not materially inconsistent with these Bidding and Sale Procedures and any order of the Bankruptcy

Court; (vi) extend the deadlines set forth herein; (vii) modify the Auction and Bidding and Sale Procedures to ensure the greater recovery to WFA and its estate in a manner not materially inconsistent with the Bidding and Sale Procedures Order; (viii) withdraw from sale any Assets at any time and make subsequent attempts to market the same; and (ix) adjourn or cancel the Auction and/or the Sale Hearing without further notice.

**Closing**

The closing on the Sale Transaction the ("***Closing***") shall occur no later than 7 business days after entry of the Sale Order.

**Consultation Rights**

Any consultation rights afforded herein by WFA to any one or more of the Notice Parties shall not vest a veto right in any one or more of the other Notice Parties over WFA's decisions.

**<u>Exhibit 2</u>**

Louis M. Phillips (La. Bar No. 10505)
Peter A. Kopfinger (La. Bar No. 20904)
Ryan J. Richmond (La. Bar No. 30688)
**GORDON, ARATA, MCCOLLAM**
  **DUPLANTIS & EAGAN, L.L.P.**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: lphillips@gordonarata.com
Email: pkopfinger@gordonarata.com
Email: rrichmond@gordonarata.com

*Attorneys for the debtor-in-possession,*
*West Feliciana Acquisition, L.L.C.*

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | Case No. 10-10053 |
| West Feliciana Acquisition, L.L.C., | Chapter 11 |
| Debtor. | Judge Douglas D. Dodd |

### NOTICE OF (I) BIDDING AND SALE PROCEDURES;
### (III) SALE HEARING AND (IV) RELATED RELIEF AND DATES

_____

**TO ALL CREDITORS AND OTHER PARTIES IN INTEREST PLEASE TAKE NOTICE:**

1.      **Chapter 11 Petition**. On January 17, 2010, West Feliciana Acquisition, LLC ("**WFA**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

2.      **The Motion**. On February 23, 2010, WFA filed its *Motion, With Supporting Authority, For Orders (I)(A) Authorizing and Approving Bidding and Sale Procedures (B) Authorizing and Approving Notice Procedures and Setting a Hearing Date For Sale Hearing,*

*(II) Authorizing the In Gobo Sale Free and Clear of All Liens, Claims and Interests And (III) For Related Relief* (the "***Motion***").

3. **The Bidding and Sale Procedures Order**. Following a hearing on the relief requested by the Motion on February 26, 2010, the Bankruptcy Court entered an Order (the "***Bidding and Sale Procedures Order***"), approving (a) Bidding and Sale Procedures, and (b) Notice Procedures and (c) setting a hearing date for the sale as well as related deadlines.

4. **Bidding and Sale Procedures**. In the Bidding and Sale Procedures Order, the Bankruptcy Court approved procedures according to which WFA will solicit bids for substantially all of its immovable property and buildings and improvements thereon and movable property (the "***Assets***") (the "***Bidding and Sale Procedures***," as attached hereto as Exhibit A). All interested bidders should carefully read the Bidding and Sale Procedures.

5. **Key Deadlines**. By the Bidding and Sale Procedures Order, the Bankruptcy Court has currently set: (a) April 9, 2010 at 11:00 a.m. (CST) as the date and time of the hearing to approve the sale (the "***Sale Hearing***") and (b) no later than April 8, 2010 at 3:00 p.m. (CST) as the date and time for filing and serving objections to the sale (the "***Objection Deadline***"), and (c) April 2, 2010 at 5:00 p.m. (CST) as the Bid Deadline.

6. **Objections to the Motion**. All objections to the relief requested in the Motion must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformance with the Bankruptcy Rules and the Local Rules; (d) filed with Clerk of Court for the Bankruptcy Court, Middle District of Louisiana, 707 Florida Street, Baton Rouge, LA 70801 by no later than the Objection Deadline, or other applicable deadline as indicated above; and (e) served in accordance with the Local Rules so as to be received on or before the applicable objection deadline by the following: (i) WFA's counsel: Louis M. Phillips, Gordon, Arata,

McCollam, Duplantis & Eagan, L.L.P., One American Place, 301 Main Street, Suite 1600, Baton Rouge, LA 70801-1916; (ii) counsel for Louisiana Economic Development: Daryl Manning & Leu Anne Lester Greco, Louisiana Economic Development, 1051 N. Third Street, Baton Rouge, LA 70802-5239; (iii) counsel for Amzak Management Capital, LLC: Barbra Parlin, Holland & Knight, LLP, 31 West 52nd Street, New York, New York 10019; (iv) counsel for Tembec Industries, Inc. and Tembec USA, LLC: Douglas S. Draper, Heller, Draper, Hayden, Patrick & Horn, L.L.C., 650 Poydras St., Suite 2500, New Orleans, LA 70130; (v) counsel for Fluor Enterprises, Inc.: Joseph B. C. Kluttz, K&L Gates LLP, Hearst Tower, 47th Floor, 214 North Tryon Street, Charlotte, NC 28202 and (vi) counsel to the Creditors' Committee: Omer Frederick Kuebel III , Locke Lord Bissell & Liddell, 601 Poydras St., Suite 2660, New Orleans, LA 70130.

7.     **Documents**.  Copies of the Motion and the Bidding and Sale Procedures Order may be examined by interested parties between the hours of 8:30 a.m. and 4:30 p.m. (CST) at the office of Clerk of Court for the Bankruptcy Court, Middle District of Louisiana, 707 Florida Street, Baton Rouge, LA 70801 or by appointment during regular business hours at the offices of WFA's counsel: Louis M. Phillips, Gordon, Arata, McCollam, Duplantis & Eagan, L.L.P., One American Place, 301 Main Street, Suite 1600, Baton Rouge, LA 70801-1916.  Additionally, copies of these documents may be downloaded from the Court's docket at www.lamb.uscourts.gov.

8.     This notice is subject to the full terms and conditions of the Motion, the Bidding and Sale Procedures Order and the Bidding and Sale Procedures, which shall control in the event of any conflict and WFA encourages parties in interest to review such documents in their entirety.

9.    Please note that dates set forth in this notice are subject to change, and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices.  Parties in interest are encouraged to monitor the electronic court docket and/or the noticing agent website for further updates.

_____, 2010.

By: **/s/ Louis M. Phillips**
   Louis M. Phillips (La. Bar No. 10505)
   Peter A. Kopfinger (La. Bar No. 20904)
   Ryan J. Richmond (La. Bar No. 30688)

**GORDON, ARATA, MCCOLLAM,**
  **DUPLANTIS & EAGAN, L.L.P.**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: lphillips@gordonarata.com
Email: pkopfinger@gordonarata.com
Email: rrichmond@gordonarata.com

*Attorneys for the debtor-in-possession,*
*West Feliciana Acquisition, L.L.C.*

**<u>Exhibit 3</u>**

Louis M. Phillips (La. Bar No. 10505)
Peter A. Kopfinger (La. Bar No. 20904)
Ryan J. Richmond (La. Bar No. 30688)
**GORDON, ARATA, MCCOLLAM
   DUPLANTIS & EAGAN, L.L.P.**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: lphillips@gordonarata.com
Email: pkopfinger@gordonarata.com
Email: rrichmond@gordonarata.com

***Attorneys for the debtor-in-possession,
West Feliciana Acquisition, L.L.C.***

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | Case No. 10-10053 |
| West Feliciana Acquisition, L.L.C., | Chapter 11 |
| Debtor. | Judge Douglas D. Dodd |

## NOTICE OF SALE

**PLEASE TAKE NOTICE** that on February 23, 2010, West Feliciana Acquisition, LLC ("***WFA***") filed its *Motion, With Supporting Authority, For Orders (I)(A) Authorizing and Approving Bidding and Sale Procedures (B) Authorizing and Approving Notice Procedures and Setting a Hearing Date For Sale Hearing, (II) Authorizing the In Globo Sale Free and Clear of All Liens, Claims and Interests And (III) For Related Relief* (the "***Motion***") with the United States Bankruptcy Court for the Middle District of Louisiana (the "***Bankruptcy Court***").

**PLEASE TAKE FURTHER NOTICE** that on _____, 2010, the Bankruptcy Court entered an order (the "***Bidding and Sale Procedures Order***") approving the sale procedures (the "***Bidding and Sale Procedures***"), which set the key dates and times related

to the sale of substantially all of WFA's immovable property and buildings and improvements thereon and movable property. All interested bidders should carefully read the Bidding and Sale Procedures Order, including the Bidding and Sale Procedures set forth therein.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the Bidding and Sale Procedures Order, the Bankruptcy Court has set April 2, 2010 at 5:00 p.m. (CST) as the Bid Deadline (as defined in the Bidding and Sale Procedures).

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the Bidding and Sale Procedures Order, the Bankruptcy Court has set April 9, 2010 at 11:00 a.m. (CST) as the date and time of the hearing to approve the sale and (the "***Sale Hearing***").

      **PLEASE TAKE FURTHER NOTICE** that any objection to the relief sought at the Sale Hearing must be filed and served no later than April 8, 2010 at 3:00 p.m. (CST) (the "***Objection Deadline***").

      **PLEASE TAKE FURTHER NOTICE** that all general objections to the relief requested in the Motion must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) conform to the Bankruptcy Rules and the Local Rules; (d) filed with the Clerk of Court for the Bankruptcy Court, Middle District of Louisiana no later than the Objection Deadline; and (e) served in accordance with the Local Rules so as to be received on or before the Objection Deadline by the following: (i) the U.S. Trustee; (ii) counsel to WFA: Louis M. Phillips, Gordon, Arata, McCollam, Duplantis & Eagan, L.L.P., One American Place, 301 Main Street, Suite 1600, Baton Rouge, LA 70801-1916; (iii) counsel to Louisiana Economic Development: Daryl Manning & Leu Anne Lester Greco, Louisiana Economic Development, 1051 N. Third Street, Baton Rouge, LA 70802-5239; (iv) counsel for Amzak Management Capital, LLC: Barbra Parlin, Holland & Knight, LLP, 31 West 52nd Street, New York, New York 10019; (v) counsel

to: Tembec Industries, Inc. and Tembec USA, LLC: Douglas S. Draper, Heller, Draper, Hayden, Patrick & Horn, L.L.C., 650 Poydras St., Suite 2500, New Orleans, LA 70130; and (vi) counsel to Fluor Enterprises, Inc.: Joseph B. C. Kluttz, K&L Gates LLP, Hearst Tower, 47th Floor, 214 North Tryon Street, Charlotte, NC 28202; and (vii) counsel to the Official Creditors' Committee: Omer Frederick Kuebel III, Locke Lord Bissell & Liddell, 601 Poydras St., Suite 2660, New Orleans, LA 70130.

**PLEASE TAKE FURTHER NOTICE** that, this notice is subject to the full terms and conditions of the Motion, the Bidding and Sale Procedures Order and the Bidding and Sale Procedures and WFA encourages parties-in-interest to review such documents in their entirety. Copies of the Motion and the Bidding and Sale Procedures Order (including the Sale Procedures approved by the Bankruptcy Court) may be examined by interested parties between the hours of 8:30 a.m. and 4:30 p.m. (CST) at the office of the Clerk of Court for the Bankruptcy Court, Middle District of Louisiana, 707 Florida Street, Baton Rouge, LA 70801, or by appointment during regular business hours at the offices of WFA's counsel: Louis M. Phillips, Gordon, Arata, McCollam, Duplantis & Eagan, L.L.P., One American Place, 301 Main Street, Suite 1600, Baton Rouge, LA 70801-1916. Additionally, copies of these documents may be downloaded from the Court's docket at www.lamb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that dates set forth in this notice are subject to change, and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices and/or amended agendas. Parties-in-interest are encouraged to monitor the electronic court docket and/or the noticing agent website for further updates.

_____, 2010.

By: **/s/ Louis M. Phillips**
   Louis M. Phillips (La. Bar No. 10505)
   Peter A. Kopfinger (La. Bar No. 20904)
   Ryan J. Richmond (La. Bar No. 30688)

**GORDON, ARATA, MCCOLLAM,**
   **DUPLANTIS & EAGAN, L.L.P.**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: lphillips@gordonarata.com
Email: pkopfinger@gordonarata.com
Email: rrichmond@gordonarata.com

*Attorneys for the debtor-in-possession,*
*West Feliciana Acquisition, L.L.C.*